Stephanie Stroop on behalf of petitioner Marisol Mancera Luna. Ms. Stroop. I'd like to thank the court for the opportunity to present these arguments as appointed pro bono counsel. On October 20, 2004, at the hearing on her request for cancellation of removal, Ms. Luna's due process right to a full and fair hearing was violated in two different ways. First, the immigration judge improperly refused to admit the report from a psychologist describing that due process claim to the BIA. Yes, Your Honor. Petitioner did pro se. Okay. And where? Can you help me figure out where in the petitioner's brief I can find that claim? I've looked at it, and even the most charitable, broadest reading, I just don't see it there. Well, Your Honor, the point is that because the petitioner was pro se when she filed that brief, the court should be charitable in construing the pleadings. I know that we review them very liberally, but we have to find something. Is this that little kernel? Yes, Your Honor. When she explicitly stated that the IJ refused to consider her evidence, she said it to, let's see if I can point into it. She specifically stated that there was no consideration of issues by the immigration judge, that he utilized incorrect legal reasoning. Okay, but that's on page one of her brief, and they go on to say, with regard to the domestic violence evidence. Well, that's one facet of it. There's two pieces of evidence that we argue that the immigration judge improperly refused to consider. One was the psychologist's report, and the other was the domestic abuse that she suffered at the hands of her father. I read all five pages of it, and it just talks about domestic violence. No, Your Honor, she does mention, I respectfully disagree, Your Honor. She does. I will show you. What passage is your strongest argument? Point us to the text. Is it the opening paragraph? No, Your Honor. Excuse me, Your Honor, I apologize. Take your time, because if I missed it, I really would like to find it. Right. She indicates on the last page of her argument, it is in Excerpt of Record, page 36, that she speaks about her son, Richard. His education would be disrupted at the very time that he is prepared to be transformed to an adult. In this way, she is raising what is the exact subject of the psychologist's report, which is that the education to her children would be disrupted if she were deported to Mexico. But from that, you're asking us to conclude that she presented the board with an argument that the immigration judge erred in refusing to consider the report of the psychologist because he wasn't available so the government could cross-examine him at the hearing. Yes, Your Honor.  All right. The point is, Your Honor, is that the immigration judge was in a rush. He stated explicitly on the record that he had 1,300 cases on his docket. Well, she had 11 continuances. The case had been pending for five years in the immigration court? Four years. That's a rush? Yes, Your Honor. Just because there's been a number of continuances granted does not mean that an alien is deprived of her due process right to a full and fair hearing when the hearing actually does occur. And if you look at the record, it's also… specifically with regard to the psychologist's report about the fact that it had been available but not provided sufficiently in advance to the immigration judge and to the government so that it could be ready for the merits hearing. Well, there were two reports. The first one was prepared and made available on April 8, 2003, and there was a second supplemental report that was prepared roughly a month before the hearing that was made available the day of the hearing, although the government's objection to that report was not that it was not made available previously but just that the psychologist was not available to be cross-examined. And on that issue, I'd indicate to Your Honors that counsel for petitioner attempted to continue the hearing so that the psychologist could be present to be cross-examined on his opinions, but because the judge was in a hurry, you'll note on his decision he says that the case is old. He would not grant the continuance so that the psychologist could be present to be cross-examined about his opinions. Your Honors, the immigration judge's refusal to consider this evidence was directly prejudicial to Ms. Luna's case. In order to demonstrate the cancellation of removal as appropriate, she had to show that she had a continuous physical presence in the United States for 10 years, that she had a good moral character, and that there was exceptional and extremely unusual hardship to qualified United States citizens, in this case her children. The immigration judge found that the first two factors were met but that the third was not, and these two pieces of evidence go directly to that issue. Oh, you look like you had a question. I apologize. Still contemplating. I'm interested in your argument. The third point was? Exceptional and extremely unusual hardship to United States citizens. Which is non-reviewable, right? Well, that's correct, Your Honor, as a discretionary standard, but here we're arguing that there was a due process constitutional violation by the failure to admit the evidence that went directly to that prong. It wasn't that the judge improperly weighed certain pieces of evidence, it was that he in toto refused to consider or even admit two very important pieces of evidence that would contribute to the cumulative standard that's required to address whether or not there's exceptional, extremely unusual hardship. Well, taking it in its strongest light, what would that lead to? Well, it would lead to at least the plausibility that the immigration judge could have found in her favor. Today, I'm not asking that the court make a decision as to whether or not there was exceptional and extremely unusual hardship. That's a discretionary standard for the immigration judge, but just that those two factors combined with the other evidence that Luna presented would at least allow the possibility that the immigration judge could have found exceptional and extremely unusual hardship. Okay. And am I correct that it is the two-prong analysis? First, you find the due process violation for the failure to admit or consider the report because the psychologist was not available for cross-examination, and then look at the prejudicial impact on the fact-finding process because the IJ did not have the benefit of that evidence? That's correct, Your Honor. Counsel, you're down to about two minutes. You may want to reserve. I would like to. Thank you very much. And we'll hear from the governor. Good morning, Your Honors. May it please the Court, Nyree Simonian, on behalf of the responding Attorney General, Michael Simonian. Thank you. The immigration judge afforded Petitioner a full and fair hearing and did not violate her due process rights. I'd like to first address the exhaustion issue. Even being lenient to Petitioner's brief, there is nothing mentioned about the fact that she was not allowed to testify again after the record was closed. There is nothing in her brief concerning the alleged psychological report concerning her son. She, however, does use the terms of use of discretion. She outlines the standard for cancellation and removal and more fully explains her hardship in detail. Looking at this Court's case in Agamemnon, the Petitioner in that case used the words and insisted that the wife appear to testify, and this Court found that that was enough as a pro se Petitioner to put the Board on notice that that was the issue that he was concerned with. Here, there was no connecting of the dots for the Board to know that those were the issues she was concerned with, her due process rights. And I argue that even looking at the Board's decision, they streamlined their decision because they were not put on notice for that. Second, Petitioner was provided a reasonable opportunity to present evidence on her behalf. Looking at the entire record, she was afforded 20 pages of testimony on direct. She was afforded an opportunity to cross-examine on five pages. She was further questioned by the IJ. She presented a witness, her son Richard. She presented a proffer of another witness, her daughter Jocelyn. And after the IJ's questioning, he asked twice whether counsel had anything further to add. He then goes on. Oh, by the way, she also was given voluntary departure. After he goes to take a five-minute break to maybe gather his thoughts to provide oral testimony, he comes back and Petitioner requests to give further testimony. I argue that she was provided a reasonable opportunity to present her case. The IJ also properly excluded this psychological report. DHS, as you mentioned, objected because it was fundamentally unfair for this report to be admitted as the psychological report made very general and far-reaching conclusions about Mexico's school system. And there was no reasonable effort, after 12 continuances, to produce this witness. Finally, even assuming, and I'm not conceding, that Petitioner's due process was violated, Petitioner failed to show prejudice, which is the second prong required. The IJ, these, excuse me, not allowing these two pieces of evidence didn't impact the results of the proceedings. The IJ thoroughly considered in his decision the hardships of Petitioner's children. He even went into some of the, what was alluded to in the psych reports. And furthermore, at this point, the children are grown up. They've aged out. Richard would be 20. Jocelyn would be 17. And the hardships that she claimed would not even be affected. If there are no questions. Could you help me with regard to the timing on the psychologist report? I thought I had read something in the transcript about when the report was available as opposed to when it was provided. The first report was provided pretty early on. But, again, that was objected to because the psychologist was not able to testify. The second report, as you will see on the record on page 96, on 155 and 58, it was obtained three weeks prior to the hearing that it was presented at. That was 155? The reports on 155 to 58 and the IG's decision or the testimony concerning the report is on page 96 of the record. Thank you. Anything further, Counsel? No, I submit. Thank you very much for your time. Ms. Stroop, you have some reserved time. Thank you, Your Honor. Your Honors, I would just like to reiterate that this was not a full and fair hearing. Counsel for the government made numerous statements about how there was so much questioning going on. She had 20 pages of direct testimony. But the point really is here is that the immigration judge refused to admit two pieces of evidence that went directly to the reason why he denied her request for cancellation of removal. And the reason why he said he did it was because he was too busy. And, frankly, Your Honors, that's not a good enough reason to deny a full and fair hearing under an alien's due process rights. Counsel also indicated that the children are grown up and aged out. That's not true. Ms. Luna still has minor children. Richard is 20, and he's in the Marines. But the other three children are still minors. And if she's forced to go back to Mexico, they will go with her and possibly be. . . Well, Richard won't go. Richard won't. Richard will be serving his country. He's got a different problem, but it won't be with DHS. I know. He'll be somewhere else, maybe less pleasant. But, Your Honors, I mean, the point is that these harms still exist. There is still a very real possibility that she will be sent to this rural area of Mexico where the children will have to ride a donkey for an hour to go to school or maybe two hours by bus. It's likely that they will drop out. The children do not read or write Spanish fluently, so they will be forced to go several grade levels back. The point is that this evidence should have been considered by the immigration judge, and it goes directly to whether there are exceptional and extremely unusual hardships in this case. Thank you, Counsel. Thank you. The case just argued will be submitted, and we will hear argument next in United States v. Rodinario. Ms. Stroop. I can take care of it, sir. Thank you. Ms. Stroop, on behalf of the Court, I want to express our appreciation to you and to your colleague and to your law firm for taking this pro bono assignment. Thank you.
judges: Thompson, O'scannlain, Tallman